# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| GEORGETTE BENITA THORNTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:22-CV-00223-TES-MSH |
| | : | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Georgette Benita Thornton, an inmate most recently confined in the Pulaski State Prison in Hawkinsville, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). It is unclear, however, what kind of relief she is seeking from this Court. As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "[W]hen a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper

cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057).

If Plaintiff is challenging the fact or validity of her state court conviction and seeks her release, then Plaintiff must recast her Complaint on the Court's standard § 2254 form petition for federal habeas corpus relief.  If Plaintiff instead wishes to complain about the conditions of her confinement and seek monetary compensation, she should recast her Complaint on the Court's § 1983 form.  The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2254 and § 1983 forms that Plaintiff should use for this purpose. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast her Complaint on the appropriate form.  **The recast pleading shall supersede (take the place of) her initial pleading (ECF No. 1).**  The Court will not look back at these documents, or any other documents filed in this case, to determine whether Plaintiff has an actionable federal claim.

The Court recognizes that Plaintiff has also filed a motion for an extension of time to prepare her case, at least in part due to a medical condition that may require surgery. *See, e.g.,* Mot. Ext. 3, ECF No. 4.  At the time Plaintiff filed this motion, however, there were no court-imposed deadlines pending.  Plaintiff's motion (ECF No. 4) is therefore **DENIED as moot.**  If Plaintiff requires additional time to comply with this Order due to a medical condition or otherwise, she should file a motion explaining why she requires this additional time.

Plaintiff has also filed a motion to "take action" on what appears to be a state court habeas case related to her underlying criminal conviction.  Mot. 1-2, ECF No. 5.  It is unclear whether this state habeas corpus action is currently pending or has already

concluded, and it is likewise unclear what action Plaintiff wants this Court to take with respect to that case.  But to the extent Plaintiff wishes to raise any issues from this motion in the above-captioned action, she may include them in her recast pleading.  As such, Plaintiff's motion (ECF No. 5) is also **DENIED as moot.**  As noted above, the Court will not look back to any of Plaintiff's motions or other documents to determine whether Plaintiff has stated an actionable claim; the Court will only examine the recast pleading. Plaintiff should therefore include in her recast pleading every fact or issue she wishes the Court to consider, even if she previously addressed those facts or issues in her original Complaint or another motion in this case.

Plaintiff also did not pay any sort of filing fee in this action or file a motion to proceed without the prepayment of the filing fee.  A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2). Accordingly, Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file a proper motion to proceed without the prepayment of the filing fee or pay the required filing fee.  The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $402.00.  The Clerk is **DIRECTED** to mail Plaintiff a copy of the standard motion to proceed without prepayment of fees and affidavit and account certification form for this purpose.  These forms, as well as the § 1983 and § 2254 forms, should be marked with the case number for the above-captioned case.

To reiterate, Plaintiff's pending motions (ECF Nos. 4, 5) are **DENIED as moot**, and

3

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast her Complaint on the appropriate form and (2) file a proper motion for leave to proceed *in forma pauperis* or pay the appropriate filing fee.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in her mailing address.

**Failure to fully and timely comply with this Order may result in the dismissal of this action.**  There will be no service of process in this case until further order.

    **SO ORDERED**, this 21st day of July, 2022.

                                                    /s/ Stephen Hyles
                                                    UNITED STATES MAGISTRATE JUDGE

4