# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **GEORGETTE BENITA THORNTON,** *Plaintiff,* v. **DEPARTMENT OF CORRECTIONS,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00223-TES-MSH** |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Georgette Thornton's Motion for Reconsideration [Doc. 19]. Plaintiff seeks reconsideration of the Court's Order [Doc. 17] adopting the United States Magistrate Judge's Recommendation [Doc. 12] to dismiss her Recast Complaint.[1] Although not styled as such, because Plaintiff seeks relief from a final Order, the Court **CONSTRUES** her Motion as a Rule 60 Motion for Relief. *See* Fed. R. Civ. P. 60.

Under Rule 60, a court may grant reconsideration or relief based on:

(1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" which could not have been discovered earlier "with reasonable diligence"; (3) fraud, misrepresentation, or an adverse party's misconduct; (4) a void judgment; (5) satisfaction, release, or discharge, or the prior judgment's reversal or vacatur, or it would not be equitable to

---

[1] Plaintiff also asks for appointed legal counsel if her case is re-opened. [Doc. 19, p. 3].

apply the judgment prospectively; or (6) "any other reason that justifies relief."

*Sanders v. Wal-Mart Stores E. LP*, 829 F. App'x 500, at *1 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)(1)–(6)).

Plaintiff fails to assert any reason why the Court should reconsider its Order dismissing her case. Indeed, the Court laid out exactly what Plaintiff needed to show to sustain her claims. *See* [Doc. 12]; [Doc. 17]. Namely, the Court instructed Plaintiff that she needed to offer proof that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." [Doc. 12, p. 8 (citing *Heck v. Humphrey*, 512 U.S. 477, 485 (1994))]. Plaintiff failed to do that in her Objections, [Doc. 13], [Doc. 15], and does not cure that deficiency in the instant Motion. *See* [Doc. 19]. Therefore, the Court sees no basis for its reconsideration of the Order dismissing Plaintiff's action.[2] Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.[3]

[*signature and date on following page*]

---

[2] To be clear, Plaintiff's newly-filed action includes most of the constitutional violations that were improperly joined in this case. *See* Complaint, *Thornton v. Dep't of Corr.*, No. 5:22-cv-00366-TES-MSH (M.D. Ga. Oct. 11, 2022), ECF No. 1.

[3] Because the Court denies Plaintiff's Motion for Reconsideration, there is no "re-opened case" for which the Court could appoint counsel. *See* [Doc. 19, pp. 1–2 (asking the Court to "re-open[] . . . this case" with a "request for court appointed counsel[.]")]. Accordingly, to the extent Plaintiff seeks appointed counsel, that motion is **MOOT**.

**SO ORDERED**, this 15th day of December, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
